IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT FORT WAYNE

**HEATHER L. PLITZ**
      AND                             CASE NO.
JASON M. PLITZ
20350 HUMMINGBIRD LN.
MACOMB, MICHIGAN 48044

      PLAINTIFFS

                                  COMPLAINT AND JURY DEMAND

      - VS. -

REV RECREATION GROUP, INC.
1031 US 224 E, BOX 31
DECATUR, INDIANA 46733

      AND

FORD MOTOR COMPANY
c/o CT CORPORATION SYSTEM, S/A
334 N. SENATE AVE
INDIANAPOLIS, INDIANA 46204

      DEFENDANTS

---

## PRELIMINARY STATEMENT

1.    This case involves claims asserted under the Michigan and/or Indiana Uniform Commercial Code, the Magnuson Moss Warranty Act, and the Michigan Consumer Protection Act, Act 331 of 1976 et seq, and/or Indiana Deceptive Consumer Sales Act, IC 24-5 et seq.

2.    Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC

1331.

3.      The vehicle which is the subject of this dispute was built and warranted by REV Recreation Group, Inc. and Ford Motor Company in whole or in part and manufactured in its final form in Indiana, was acquired by Plaintiffs in Michigan and was defective when acquired; ineffective repair attempts were made upon the subject vehicle by each defendants' authorized representative dealerships in Michigan; REV Recreation Group, Inc. controlled the speed and processing of warranty repairs from its factory in Indiana, Ford Motor Company controlled the speed and processing of warranty repairs from its factory in Michigan, the place where the relationship of the parties arose is Michigan and Indiana because the warranty obligations of each defendant were made by Defendant REV Recreation Group, Inc. in Indiana and Defendant Ford Motor Company in Michigan, and were received by Plaintiffs with the purchase of the subject RV in Michigan; and both REV Recreation Group, Inc. and Ford Motor Company advertised and solicited the sale of the RVs which they manufactured, including Plaintiff's RV, in Michigan and Indiana.

## IDENTIFICATION OF PARTIES

4.      Heather L. Plitz and Jason M. Plitz are natural persons residing in Michigan and are consumers and buyers within the meaning of applicable laws.

5.      Defendant REV Recreation Group, Inc. is a corporation authorized to do business and doing business in Indiana and elsewhere, is a citizen and resident of Indiana, is domiciled in Indiana, has its principal place of business in Decatur, Indiana,

and is a warrantor of a recreational vehicle that Plaintiffs acquired and a supplier and a merchant and a person.

6.    Defendant Ford Motor Company was at all times relevant a corporation authorized to do business and doing business in Indiana, Michigan, and elsewhere and is the manufacturer and warrantor in whole or in part of the subject RV that Plaintiffs acquired from General RV Center, Inc., and has its principal place of business is in Michigan. Ford Motor Company was, at all times relevant, engaged in the business of selling and servicing recreational vehicles through its authorized dealerships and agents that it maintains in Indiana, Michigan, and elsewhere. Ford Motor Company is an original producer of completed components which are furnished to a second vehicle manufacturer, such as REV Recreation Group, Inc. in this case, for installation in a recreational or other vehicle prior to retail sale to a buyer, and is a supplier who engaged in the business of making a consumer product, specifically the subject vehicle's chassis and its related parts, directly or indirectly available to consumers like Plaintiffs.

7.    The vehicle at issue in this case was manufactured as a complete vehicle in Indiana, for distribution in Indiana, Michigan, and elsewhere and was warranted in whole or part by REV Recreation Group, Inc., using a chassis and its related parts which was manufactured and warranted in whole or part by Ford Motor Company.

8.    The Plaintiffs acquired the subject RV from General RV Center, Inc., in Wixom, Michigan, and General RV Center, Inc. performed any pre-sale warranty repairs

on the RV. At all times relevant, General RV Center, Inc. was a supplier, merchant and an authorized representative and agent of REV Recreation Group, Inc. in Michigan for sale and servicing of REV Recreation Group, Inc. products in Michigan. At all times relevant, General RV Center, Inc. was authorized by REV Recreation Group, Inc. to act for it as its authorized agent and representative in Michigan in all respects related to the sale of the vehicle involved in this case and the attempted performance of warranty repair and service work upon the subject new REV Recreation Group, Inc. vehicle, and hundreds of other REV Recreation Group, Inc. products sold by General RV Center, Inc.

9.      The Plaintiffs presented the subject RV for repairs under the Forest River warranty to General RV Center, Inc., in Wixom, Michigan. At all times relevant, General RV Center, Inc. was a supplier, merchant and an authorized representative and agent of REV Recreation Group, Inc. in Michigan for sale and servicing of REV Recreation Group, Inc. products in Michigan. At all times relevant, General RV Center, Inc. was authorized by REV Recreation Group, Inc. to act for it as its authorized agent and representative in Michigan in all respects related to the sale of the vehicle involved in this case and the attempted performance of warranty repair and service work upon the subject new REV Recreation Group, Inc. vehicle, and hundreds of other REV Recreation Group, Inc. products sold by General RV Center, Inc.

10.     The Plaintiff presented the subject RV for repairs under the Ford Motor Company warranty to Piedmont Truck Center, in Greensboro, North Carolina. At all times relevant, Piedmont Truck Center was a supplier, merchant and an authorized

representative and agent of Ford Motor Company in North Carolina for servicing of Ford Motor Company products in North Carolina. At all times relevant, Piedmont Truck Center was authorized by Ford Motor Company to act for it as its authorized agent and representative in North Carolina in all respects related to the attempted performance of warranty repair and service work upon the subject new recreational vehicle.

11.     The Plaintiff presented the subject RV for repairs under the Ford Motor Company warranty to Keith Evola Service, Inc., in Mt. Clemens, Michigan. At all times relevant, Keith Evola Service, Inc. was a supplier, merchant and an authorized representative and agent of Ford Motor Company in Michigan for servicing of Ford Motor Company products in North Carolina. At all times relevant, Keith Evola Service, Inc. was authorized by Ford Motor Company to act for it as its authorized agent and representative in Michigan in all respects related to the attempted performance of warranty repair and service work upon the subject new recreational vehicle.

**FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT**

12.     This case involves a defective 2021 Holiday Rambler Invicta 34MB recreational vehicle that each defendant warranted and contracted to warrant in whole or in part, but which they each were not able to repair within a reasonable number of chances or within a reasonable amount of time and whose warranties and/or contracts each defendant breached.

13.     The allegations of all other paragraphs and claims in this pleading are

incorporated as if fully rewritten herein.

14. This claim is for breach of express and/or implied warranties and/or contract of warranty by Defendant REV Recreation Group, Inc. in Indiana[1] or Michigan, and by Defendant Ford Motor Company in Indiana or Michigan.

15. As a result of the above, and the allegations below, inter alia, each defendant breached its warranty and/or contract to the injury of Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

16. At all times relevant, Plaintiffs were each a consumer.

17. At all times relevant, General RV Center, Inc. was a supplier and merchant and an authorized representative and agent of Defendant REV Recreation Group, Inc. General RV Center, Inc. was authorized by Defendant REV Recreation Group, Inc. to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle.

18. At all times relevant, Piedmont Truck Center was a supplier and merchant and an authorized representative and agent of Defendant Ford Motor Company. Piedmont Truck Center was authorized by Defendant Ford Motor Company to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle.

19. At all times relevant, Keith Evola Service, Inc. was a supplier and merchant and an authorized representative and agent of Defendant Ford Motor Company. Keith Evola Service, Inc. was authorized by Defendant Ford Motor Company to act for

---

[1]Defendant REV Recreation Group, Inc.'s Limited Warranty contains a choice of law clause stating that the "[t]he laws of the State of Indiana shall be applied…"

it in all respects related to warranty repair work performed or attempted on the subject vehicle.

20.    At all times relevant, defendants were each a supplier and merchant.

21.    On or about August 31, 2020 the parties entered into a consumer transaction, in that Plaintiffs agreed to acquire the vehicle from General RV Center, Inc., General RV Center, Inc. agreed to sell the vehicle to Plaintiffs, and as part of the deal General RV Center, Inc. agreed to arrange, and did so arrange, for Michigan Schools and Government Credit Union to extend credit to Plaintiffs and to finance the transaction, and Defendant REV Recreation Group, Inc. and Defendant Ford Motor Company each contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2021 Holiday Rambler Invicta 34MB recreational vehicle believed to bear VIN # 1F66F5DN9L0A02848, and whose total cost was about $224,951.00 including tax, title and interest.

22.    Plaintiffs acquired the vehicle in reliance on the existence of a written warranty and/or contract from each defendant and on advertising representations and/or warranties of each defendant.

23.    The purpose of each defendant's warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiffs confidence in the reliability and quality of the RV, and (c) to give Plaintiffs confidence in the defendant's representations about the subject vehicle and the vehicles defendant designed and built, and (d)

to give Plaintiffs confidence in defendant itself as a responsible company that lived up to its representations, its word, and its warranties.

24. Defendant REV Recreation Group, Inc.'s warranty contains a term which states: "ANY ACTION FOR BREACH OF THE LIMITED WARRANTY MUST BE COMMENCED NO MORE THAN NINETY (90) DAYS AFTER EXPIRATION OF THE RELEVANT PERIOD".

25. After acquiring the vehicle, Plaintiffs discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

26. The defects in the RV included, but are not limited to: Spark Plug Wires, Generator Compartment Door Not Sealing, Computer Tray Not Connected, DS Window Blind Not Working, Marker Lights on Mirrors Not Turning On, Black Floor Trim Loose Near Dinette, Oven Door Handle Loose, Cover for Washer / Dryer Falls Off, Awning Fabric Coming Out, Hot Water Line Washer / Dryer Leaking, Dash Radio Quit Working, CEL & Low Power, Shower Head Trim Broken, Panel Behind Couch Off, Dinette Seat Cushion Unstitched, Kitchen Faucet Line Kinked, Main Entry Door Gap Left / Bottom, Driver Seat Bent, Left Rear Camera Blinks, Back Up Camera Inop, Air In Heat Vent, DS Window Rattles / Wind Coming In / Wallpaper Wrinkled, PS Window Rattles / Wind Coming In / Wallpaper Wrinkled, PS Cup Holder Cracked, Wood Panel Front Pass Seat Loose, Screws Overhead Bed Missing, Front Trim Top of Dash Broke, Rear Decal Coming Off, Shower Clip Broke, Seal Around Hood Falling Off, PS Wiper Loose,

Silicone PS Front Entry Door Trim, Entry Steps Only Work After Regreasing, Main Entry Bottom Step Bowed, Back Awning Cap Will Not Stay On, Water Comes Through Bottom of Floor DS When Driving, Water Getting Inside Compartments, Stinking, Wood Bowing From Damage, PS Slide Out Jerks/Jumps, DS Slide Out Jerks/Jumps, PS Slide Out Damage From Wall Screws, DS Slide Out damage From Wall Screws, Auto Generator Start Does Not Work, Bedroom Slide Out Does Not Open on Control Panel, PS Slide Out Rear Outside Trim Needs Secured, PS 2nd Rear Compartment Will Not Unlock with Key, DS 3rd Rear Compartment Will Not Unlock with Key, PS Front Floor Molding Needs Tacked Down, Dash Board Loose, Drivers Seat Loose / Bent, Last Cubby PS Leaking, 2nd Last Cubby PS Leaking, 5th Cubby Rear PS Leaking, Last Cubby DS Leaking, 2nd Last Cubby DS Leaking, 4th Cubby Rear DS Leaking, 5th Cubby Rear DS Leaking, 7th Cubby Rear DS Leaking, Crack in DS Slide Out Wall LS Bottom Corner, DS Slide Out Screws Replace with Flat Heads, Screw Missing From PS Cup Holder, PS Front Window Making Noise, Board Under Dash PS Loose, Bathroom Door Handle Loose, Generator Door Bowed, Entry Door Not Sealing, Passenger Side Front Trim Filled with Silicon on Side of RV, Screws All Over Dashboard, Doghouse Cracked, Front Cap Bent, among other things.

27. Defendants were each notified of defects and non-conformities in the vehicle and the authorized repair facilities' failed repair attempts repeatedly prior to filing this case.

28. In all respects, Plaintiffs substantially if not completely performed their obligations under the RV's warranty from REV Recreation Group, Inc. and REV

Recreation Group, Inc. did not perform its obligations, as set forth herein above and below.

29.    In all respects, Plaintiffs substantially if not completely performed their obligations under the RV's warranty from Ford Motor Company and Ford Motor Company did not perform its obligations, as set forth herein above and below.

30.    Because of the contract and/or warranty-covered defects, Plaintiffs notified each defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the motor coach into the possession of each defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning about three and a half months after the sale.

31.    On November 5, 2020, Plaintiffs presented the RV for repair at Defendant Ford Motor Company's authorized repair dealership, Keith Evola Service, Inc. in Mt. Clements, Michigan, for about 1 day for repair of the following defects under Defendant Ford Motor Company's warranty:

- Check Engine Light; and
- Lack of Power.

32.    On or about January 19, 2021, Plaintiffs presented the RV for repair at Defendant REV Recreation Group, Inc.'s authorized repair dealership, General RV Center, Inc. in Clarkston, Michigan, for about 17 days for repair of the following defects under Defendant REV Recreation Group, Inc.'s warranty:

- Entry Door Not Sealing;
- Generator Compartment Door Not Sealing;
- Dashboard Loose;
- Computer Tray Not Connected;
- Drivers Side Window Blind Not Working;
- Marker Lights on Mirrors Not Turning On;

- Black Floor Trim Loose Near Dinette;
- Oven Door Handle Loose;
- Drivers Seat Loose;
- Cover for Washer/Dryer Falls Off;
- Awning Fabric Coming Out; and
- Seal Coming Out of Hood/Latch Loose.

33. On or about June 19, 2021, Plaintiffs presented the RV for repair at Defendant REV Recreation Group, Inc.'s authorized repair dealership, General RV Center, Inc. in Mt. Clemens, Michigan, for about 9 days for repair of the following defects under Defendant REV Recreation Group, Inc.'s warranty:

- Hot Water Line for Washer/Dryer Leaking;
- Flooring Under Drivers Seat Floods When Driving in Rain;
- Dash Radio Quit Working.

34. On or about August 3, 2021, Plaintiffs presented the RV for repair at Defendant Ford Motor Company's authorized repair dealership, Piedmont Truck Center in Greensboro, North Carolina, for about 22 days for repair of the following defects under Defendant Ford Motor Company's warranty:

- Check Engine Light; and
- Lack of Power.

35. On or about August 19, 2021, Plaintiffs contacted Defendant REV Recreation Group, Inc. about the RV's unrepaired defects and their dissatisfaction experiences, and requested that Defendant REV Recreation Group, Inc. repair the subject RV at its factory service center in Decatur, Indiana.

36. However, Defendant REV Recreation Group, Inc. was unwilling to schedule a repair at its factory service center in Decatur, Indiana until December 20, 2021– some 4 months later, after the warranty would expire on September 1, 2021, and

after the statute of limitations would expire on November 29, 2021, and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

37.    In the meantime, the REV Recreation Group, Inc. representative instructed Plaintiffs to take the RV to REV Recreation Group, Inc.'s authorized repair dealership, General RV Center, Inc., in Wixom, Michigan. REV Recreation Group, Inc. further assured Plaintiffs that REV Recreation Group, Inc. would repair any remaining defects at its factory service center during the December 20, 2021 appointment, if necessary. Mrs. Plitz expressed her concern that the warranty was about to expire, but the REV Recreation Group, Inc. representative assured her that because Plaintiffs had timely advised REV Recreation Group, Inc. of the list of unrepaired defects before the expiration of the warranty, that the repairs at both locations would be made under REV Recreation Group, Inc.'s warranty and considered warranty repairs.

38.    On August 23, 2021, Plaintiffs presented the RV for repair at Defendant REV Recreation Group, Inc.'s authorized repair dealership, General RV Center, Inc. in Wixom, Michigan, for about 29 days for repair of the following defects under Defendant REV Recreation Group, Inc.'s warranty:

- Shower Head Trim Broken;
- Sliding Door Handle Broke;
- Panel Behind Couch Off;
- Dinette Seat Cushion Unstitched;
- Kitchen Faucet Line Kinked;
- Main Entry Door Gap Left/Bottom;
- Driver Seat Bent;
- Left Rear Camera Blinks;
- Back Up Camera Inoperative;
- Air In Heat Vent;

- Drivers Side Window Rattles/Wind Coming in/Wallpaper Wrinkled;
- Passenger Side Window Rattles/Wind Coming in/Wallpaper Wrinkled;
- Passenger Side Cup Holder Cracked;
- Wood Panel Front Passenger Seat Loose;
- Screws Overhead Bed Missing;
- Front Trim Top of Dash Broke;
- Entire Dashboard Moves While Driving
- Rear Decal Coming Off;
- Shower Clip Broke;
- Seal Around Hood Falling Off;
- Passenger Side Wiper Loose;
- Silicone Passenger Side Front Entry Door Trim;
- Entry Steps Only Work After Regreasing;
- Main Entry Bottom Step Bowed;
- Back Awning Cap Will Not Stay On;
- Generator Door Bowed Out;
- Water Comes Through Bottom of Floor on Drivers Side When Driving;
- Water Gets Inside Compartments, Stinking, Wood Bowing from Damage;
- Passenger Side Slide Out Jerks/Jumps;
- Drivers Side Slide Out Jerks/Jumps;
- Crack in Drivers Side Slide Out Wall Left Side Bottom Corner;
- Passenger Side Slide Out Damage From Wall Screws;
- Drivers Side Slide Out Damage From Wall Screws;
- Auto Generator Start Does Not Work;
- Bedroom Slide Out Does Not Open on Control Panel;
- Passenger Side Slide Out Rear Outside Trim Needs Secured;
- Passenger Side 2nd Rear Compartment Will Not Unlock With Any Key;
- Drivers Side 3rd Rear Compartment Will Not Unlock With Any Key;
- Passenger Front Floor Molding Needs Tacked Down.

39. On September 23, 2021, since the problems were not fixed, Plaintiffs returned the

RV to Defendant REV Recreation Group, Inc.'s authorized repair dealership,

General RV Center, Inc. in Wixom, Michigan, for repair of the following defects

under Defendant REV Recreation Group, Inc.'s warranty:

- Shower Head Trim Broken;
- Panel Behind Couch Off;
- Dinette Seat Cushion Unstitched;
- Kitchen Faucet Line Kinked;

- Main Entry Door Gap Left / Bottom;
- Driver Seat Bent;
- Left Rear Camera Blinks;
- Back Up Camera Inop;
- Air In Heat Vent;
- DS Window Rattles / Wind Coming In / Wallpaper Wrinkled;
- PS Window Rattles / Wind Coming In / Wallpaper Wrinkled;
- PS Cup Holder Cracked;
- Wood Panel Front Pass Seat Loose;
- Screws Overhead Bed Missing;
- Front Trim Top of Dash Broke;
- Dash Board Loose;
- Rear Decal Coming Off;
- Shower Clip Broke;
- Seal Around Hood Falling Off;
- PS Wiper Loose;
- Silicone PS Front Entry Door Trim;
- Entry Steps Only Work After Regreasing;
- Main Entry Bottom Step Bowed;
- Back Awning Cap Will Not Stay On;
- Generator Door Bowed;
- Water Comes Through Bottom of Floor DS When Driving;
- Water Getting Inside Compartments, Stinking, Wood Bowing From Damage;
- PS Slide Out Jerks/Jumps;
- DS Slide Out Jerks/Jumps;
- Crack in DS Slide Out Wall LS Bottom Corner;
- PS Front Floor Molding Needs Tacked Down;
- Auto Generator Start Does Not Work;
- Bedroom Slide Out Does Not Open on Control Panel;
- PS Slide Out Rear Outside Trim Needs Secured;
- PS 2nd Rear Compartment Will Not Unlock with Key;
- DS 3rd Rear Compartment Will Not Unlock with Key; and
- PS Front Floor Molding Needs Tacked Down.

Moreover, according to General RV Center, Inc., REV Recreation Group, Inc. refused to repair the crack in the wall and the damaged slide outs under warranty, and all of that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

40.    Plaintiffs again, this time through counsel, notified Defendant REV Recreation Group and Defendant Ford Motor Company of the unrepaired defects and dissatisfaction experiences in writing on October 19, 2021.

41.    On or about October 29, 2021, Defendant stated that the RV was still at General RV Center, Inc., that it was assisting General RV Center, Inc. in completing repairs, but that in the event that General RV Center, Inc. failed to complete or resolve the repairs, then Defendant would welcome the opportunity to address the claimed issues at its factory service center in Decatur, Indiana.

42.    On or about November 3, 2021, since the statute of limitations was set to expire in less than 30 days, Plaintiffs, through counsel, requested that Defendant REV Recreation Group, Inc. extend the statute of limitations to allow Defendant the opportunity to address the claimed issues at its factory service center in Decatur, Indiana. Plaintiffs also provided notice to Defendant that its stalling and delaying of both dealer and factory repairs was unfair and deceptive. Plaintiffs advised Defendant that if Defendant refused to extend the statute of limitations or delayed transport of the RV to its factory service center, then Plaintiffs would have no choice but to proceed with a lawsuit, since repairs would not be complete prior to November 29, 2021 and REV had already refused to repair the RV at its factory service center prior to November 29, 2021.

43.    On or about November 10, 2021, Defendant REV Recreation Group, Inc. advised Plaintiffs that all repairs but the drivers seat would be complete by the end of the week (November 12, 2021), that the drivers seat to replace the broken one was not scheduled to ship until November 29, 2021, and that Defendant REV

Recreation Group, Inc. would notify Plaintiffs when repairs were complete. However, Defendant REV Recreation Group, Inc. ignored Plaintiffs' request to extend the statute of limitations period.

44.    That same day Plaintiffs, through counsel, expressed concerns that the factory repairs could not be completed by November 29, 2021 but that Defendant REV Recreation Group, Inc. had ignored Plaintiffs request to extend the statute of limitations.

45.    On or about November 12, 2021 at 4:38 pm, Defendant REV Recreation Group, Inc. advised Plaintiffs that it intended to inspect the RV the following week once repairs at General RV Center, Inc. were complete, and transport the RV to its factory service center if necessary to perform repairs prior to the expiration of the statute of limitations period. However, the response made clear that repairs at General RV Center, Inc. were not yet complete as promised and ignored the fact that repairs could not be complete until the broken drivers seat was replaced sometime after the new drivers seat arrived after November 29, 2021.

46.    On or about November 15, 2021, Plaintiffs again, through counsel, requested an extension of the statute of limitations period, and stated that if Defendant REV Recreation Group, Inc. did not respond by November 19, 2021, then Plaintiffs would assume that the answer was no.

47.    On or about November 18, 2021, Defendant REV Recreation Group, Inc. advised Plaintiffs that the RV was at its factory repair facility in Decatur, Indiana for its final opportunity to repair and that repairs (aside from the drivers seat) should be complete the following week and the RV returned to General RV Center, Inc. And,

Defendant represented that the drivers seat should be repaired and the RV ready for pickup the first week of December. Finally, Defendant agreed to extend all applicable statutes of limitation until December 29, 2021. However, Defendant never requested permission to transport the RV to its factory repair facility in Indiana, never advised Plaintiffs of the date of transport, and never advised Plaintiffs of the results of its inspection of General RV Center, Inc.'s repairs, and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

48.    On or about November 24, 2021, Defendant REV Recreation Group, Inc. advised Plaintiffs that the RV repairs at the Defendant's factory repair facility in Indiana were complete and that the RV was being transported back to General RV Center, Inc.

49.    After the RV was returned to General RV Center, Inc., Plaintiffs inspected the repairs and determined that the majority of the defects were still not fixed, that Defendant REV Recreation Group, Inc. had caused additional defects when making repairs at its factory repair center in Indiana. Additionally, the RV was unsafe to move from General RV Center, Inc. because the dashboard was still lose and the drivers seat had still not been repaired.

50.    Worse yet, on December 14, 2021, Defendant REV Recreation Group, Inc. advised Plaintiffs that the replacement drivers seat had still not arrived at General RV Center, Inc., but indicated Plaintiffs were free to pick the RV up in the meantime.

51.    That same day Plaintiffs, through Counsel, advised Defendant REV Recreation Group, Inc. that they did not feel the RV was safe to transport with the dashboard

and the drivers seat still unrepaired, and requested that Defendant REV Recreation Group, Inc. extend the statute of limitations again in order to allow Defendant REV Recreation Group, Inc. the additional opportunity to repair the drivers seat that it was requesting.

52.   In response, Defendant REV Recreation Group, Inc. indicated that it was considering Plaintiffs' request to extend the statute of limitations again.

53.   On or about December 15, 2021, Plaintiffs, through Counsel, advised Defendant REV Recreation Group, Inc. of the results of their inspection of the RV, and requested that Defendant REV Recreation Group, Inc. extend all statutes of limitation a second time or guarantee that the drivers seat repair would be complete by Christmas.

54.   On or about December 16, 2021, Defendant REV Recreation Group, Inc. indicated that it would agree to extend all statutes of limitation until January 29, 2022, to allow another repair opportunity of the drivers sear at General RV Center, Inc.

55.   On or about January 4, 2022, Defendant REV Recreation Group, Inc. advised that the drivers seat had been repaired at General RV Center, Inc., and the RV was available for pickup. However, when Plaintiffs arrived on January 7, 2022 to pick up the RV, the drivers seat was still not repaired.

56.   With the engine and chassis defects still not repaired, the box related repairs not being complete, Defendant REV Recreation Group, Inc. still refusing to repair the crack in the wall and the damaged slide outs under warranty, and the RV already being in the repair shop 6 separate times and being out of service a total of about 131 days total and accumulating about 70 defects since its acquisition, Plaintiffs

notified defendants that they wanted their money back, but defendants would not do that.

57. Subsequently, Defendant REV Recreation Group, Inc. requested and Plaintiffs provided Defendant REV Recreation Group, Inc. with a final opportunity to repair the RV's many defects at its factory, and multiple final opportunities to repair the RV's drivers seat at its factory and authorized dealer. However, despite 2 additional repair opportunities over a period of about 51 additional days, at Defendant REV Recreation Group, Inc.'s factory and General RV Center, Inc., many of the defects are still not repaired, including the drivers seat.

58. Prior to filing this case, Plaintiffs provided notice to Defendant REV Recreation Group, Inc. about its abusive and/or unfair and/or deceptive and/or unconscionable acts, practices and failures to live up to its warranty and/or contract.

59. Instead of performing as represented, defendants did not repair all defects in the vehicle once and for all time.

60. As a result each defendant breached its express and/or implied warranties and/or contract and Defendant REV Recreation Group, Inc. committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts and/or practices which are uncured.

61. As a result, defendants' warranties and/or contracts each failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

62. In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

63. Through its advertising and otherwise, each defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiffs acquired the vehicle in reliance upon the belief that defendants each possessed a high degree of manufacturing skill and judgment.

64. Through its advertising and otherwise, each defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

65. The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

66. Each defendant's failure to timely fix all of the vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in the ability of that defendant to repair the vehicle's defects and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

67. Plaintiffs provided each defendant and/or one or more of its authorized dealers

with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

68.    As a result of the above facts, defendants each breached their respective warranties and/or contracts and/or representations with respect to the vehicle.

69.    One or more of the defects and malfunctions in the vehicle were covered under the terms of that defendant's warranties and/or contract, and each defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

70.    Defendants and/or one or more of their authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the subject motor vehicle within a reasonable time.

71.    Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of defendants' authorized representatives to repair or replace the vehicle or refund its price and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

**SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT**

72.    The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

73.    This claim is against both defendants for breach of express and/or implied

warranties and/or contract of warranties and/or defendants' violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with their respective warranties and/or contracts and/or to make their warranty term disclosures and actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

74. As a result of the above, among other things, each defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

75. As a result of the allegations set for in the first claim and also above, among other things, each defendant breached its express and/or implied warranties without legal excuse and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Plaintiffs.

76. As a result of the above, inter alia, defendants are in violation of the Warranty Act.


### THIRD CLAIM: UDAP LAW(S)

77. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

78. This claim is for violation of applicable state Udap laws, being the Indiana Deceptive Consumer Sales Act, IC 24-5 et seq and/or the Michigan Consumer Protection Act, Act 331 of 1976, by Defendant REV Recreation Group, Inc.

79.    As a result of the above, among other things, one or more abusive and/or unfair and/or deceptive and/or unconscionable methods acts, omissions, or practices were committed by Defendant REV Recreation Group, Inc. in the conduct of trade or commerce and were uncurable or remain uncured, including but not limited to:

A.    Before, during or after a consumer transaction with Heather and Jason Plitz Defendant REV Recreation Group, Inc. did represent to a consumer, here Heather and Jason Plitz, that the subject of a consumer transaction had performance, characteristics, accessories, uses, or benefits it did not have, and under such circumstances where Defendant REV Recreation Group, Inc. knew or should reasonably have known it did not have same;

B.    Before, during or after a consumer transaction with Heather and Jason Plitz Defendant REV Recreation Group, Inc. did represent to a consumer, here Heather and Jason Plitz, that the subject of a consumer transaction is of a particular standard or quality when it was not, and under such circumstances where Defendant REV Recreation Group, Inc. knew or should reasonably should have known it did not have same;

C.    Before, during or after a consumer transaction with Heather and Jason Plitz Defendant REV Recreation Group, Inc. did represent to a consumer, here Heather and Jason Plitz, that the transaction involved or did not involve a warranty, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and/or not true, and under such circumstances where the supplier knew or should reasonably have

known it did not have same and/or was false or not true;

D.  Defendant REV Recreation Group, Inc. did stall and/or delay in fulfilling its warranty obligations to a consumer, here Heather and Jason Plitz, by failing to respond to requests from the dealer regarding the performance of warranty repairs on the subject RV, refusing the repair the RV at its factory service center until 4 months after the request, extending the duration of factory repairs, and refusing to extend the statute of limitations period;

E.  Defendant REV Recreation Group, Inc. did represent a consumer, here Heather and Jason Plitz, that warranty-covered defects, here leaks in storage compartments, were a common problem but then failed to fix the leaks;

F.  Defendant REV Recreation Group, Inc. failed to repair the subject RV's defects in a reasonable number of repair attempts and in a reasonable amount of time;

G.  Defendant REV Recreation Group, Inc. refused to cover repair of warranty-covered defects, here the crack in the wall and the damaged slide outs;

H.  Defendant REV Recreation Group, Inc. transported the RV to its factory repair center in Decatur, Indiana without prior approval of Plaintiffs;

I.  Defendant REV Recreation Group, Inc. transported the RV to its factory repair center in Decatur, Indiana without advising Plaintiffs of the results of its inspection of the dealer's repairs;

J.      Defendant REV Recreation Group, Inc. stalled and delayed its final opportunity to repair into what was truly three separate repair attempts;

K.      Defendant REV Recreation Group, Inc. delivered the RV after its final opportunity to repair at the factory in an unsafe condition.

80.      As a result of the above, inter alia, Defendant REV Recreation Group, Inc. committed one or more abusive and/or unfair and/or deceptive and/or unconscionable methods, acts, omissions, or practices in violation of applicable state Udap law(s), before, during or after a consumer transaction between one or both Plaintiffs and a supplier in relation to the 2021 Holiday Rambler Invicta 34MB.

**WHEREFORE**, judgment is demanded against each defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

### PRAYER FOR RELIEF

1.      On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2.      On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

3.      On the third claim, damages and/or statutory damages, and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

Page 25

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiffs to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiffs demand trial by jury on all claims and issues.

Respectfully submitted

/s/ Elizabeth Ahern Wells_____
ELIZABETH AHERN WELLS
Attorney for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:    937.432.9500
Fax:          937.432.9503
Email:        Beth@BurdgeLaw.com

Y:\data\Plitz, Heather & Jason\Core Pleadings\Core Complaint 010822 bw.wpd